```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                      FORT MYERS DIVISION


EMORY JOHNSON,

                   Petitioner,

vs.                                 Case No.  2:10-cv-546-FtM-29SPC
                                    Case No.  2:05-cr-125-FTM-29SPC

UNITED STATES OF AMERICA,

                   Respondent.
_____
```

**OPINION AND ORDER**

This matter comes before the Court on petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #77)[1] and supporting Memorandum (Cv. Doc. #2; Cr. Doc. #78), both filed on September 2, 2010. Petitioner argues that in light of Begay v. United States, 553 U.S. 137 (2008); Chambers v. United States, 555 U.S. 122 (2009); and Johnson v. United States, 130 S. Ct. 1265 (2010), he did not have a sufficient number of qualifying prior felony convictions to establish he was a career offender under the United States Sentencing Guidelines (U.S.S.G.), and he is therefore entitled to be re-sentenced without application of the career

---

[1]The Court will make references to the dockets in the instant action and in the related criminal case throughout this Opinion and Order. The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc." Page numbers will refer to those page numbers in the upper right hand corner affixed by CM/ECF.

offender enhancement.  The United States filed a Response to petitioner's Motion (Cv. Doc. #9), to which Petitioner filed a Traverse (Cv. Doc. #10).

## I.

On December 14, 2005, petitioner was charged in a one count Indictment with possession with intent to distribute and distribution of fifty (50) grams or more of a mixture or substance containing cocaine base, "crack cocaine," in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii). (Cr. Doc. #3.) On October 2, 2006, pursuant to a written Plea Agreement (Cr. Doc. #47), petitioner pleaded guilty to the offense. (Cr. Docs. ## 51, 52, 53, 70.)  At a January 8, 2007, sentencing hearing, the Court determined defendant was a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2 based upon the following prior felony convictions: (1) carrying a concealed firearm; (2) shooting into a building/dwelling/vehicle; (3) battery on a law enforcement officer; and (4) resisting an officer with violence. (Presentence Report (PSR) ¶¶ 25-26, 47; Cr. Doc. #71, pp. 9-10.)  As a career offender, petitioner's Sentencing Guidelines range was 262 to 327 months imprisonment. (PSR ¶ 77.)  The Court sentenced petitioner to 262 months imprisonment, followed by 60 months of supervised release. (Cr. Doc. #59; Cr. Doc. #71, p. 14.)

Petitioner filed a Notice of Appeal (Cr. Doc. #60), and a new attorney was appointed to represent petitioner on appeal (Cr. Doc.

#63).  On June 18, 2007, the Eleventh Circuit granted the government's motion to dismiss the appeal based on a valid appeal waiver within his Plea Agreement.  (Cr. Doc. #74.)  Petitioner did not seek a writ of certiorari, and therefore his conviction became final 90 days later, on September 17, 2007.  See Kaufmann v. United States, 282 F.3d 1336, 1339 (11th Cir. 2002) ("[J]udgment becomes 'final' on the date on which the defendant's time for filing" a petition for certiorari expires.).  Petitioner filed the instant section 2255 Motion nearly three years later, on September 2, 2010.

**II.**

Petitioner's § 2255 motion is both procedurally barred and, alternatively, is without merit.  Petitioner's motion is procedurally barred for the following reasons.

**A. Waiver in Plea Agreement**

The United States argues that petitioner is not entitled to relief because his written plea agreement contained an express waiver of the right to challenge the sentence in a collateral proceeding.  (Cv. Doc. #9, p. 12.)  The Court agrees.

A waiver provision in a plea agreement is valid if made knowingly and voluntarily.  United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001) (citing United States v. Bushert, 997 F.2d 1343, 1350-51 (11th Cir. 1993)).  To establish that the waiver was made knowingly and voluntarily, the government must show that either (1) the district court specifically questioned the defendant

about the waiver during the plea colloquy, or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver.  Id.

Petitioner's written Plea Agreement contains a waiver of appeal and collateral challenge provision, which states in pertinent part:

> The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence **or to challenge it collaterally on any ground** . . . except (a) the ground that the sentence exceeds the defendant's applicable guideline range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

(Cr. Doc. #47, pp. 9-10) (emphasis added).  The Eleventh Circuit held this provision to be a valid and enforceable as to the direct appeal when it dismissed petitioner's appeal.  (Cr. Doc. #74.) Petitioner was specifically advised at his guilty plea proceedings that the waiver provision also applied to collateral proceedings, and stated he understood.  (Cr. Doc. #70, p. 13.)  A petitioner who files a § 2255 motion seeks a collateral remedy, Battle v. United States, 419 F.3d 1292, 1297 (11th Cir. 2005), and therefore this § 2255 proceeding falls within the waiver provision.  Petitioner's claim does not meet any of the three exceptions enumerated in the

4

Plea Agreement, and the government did not appeal the sentence. Therefore, petitioner's ability to collaterally challenge his sentence was waived by his Plea Agreement, and the § 2255 motion will be dismissed on this basis.

### B. Procedural Default

The United States also asserts that petitioner's claim is procedurally defaulted because, with the exception of the carrying a concealed weapon conviction, petitioner did not challenge the career offender designation on the grounds now asserted at sentencing or on direct appeal. The Court agrees.

A federal criminal defendant who fails to preserve a claim by objecting at trial or raising it on direct appeal is procedurally barred from raising the claim in a § 2255 motion. Jones v. United States, 153 F.3d 1305, 1307 (11th Cir. 1998). At sentencing, petitioner raised two objections to the predicate offenses: (1) Petitioner asserted that his prior conviction for shooting into a building/dwelling/vehicle was not a predicate offense because the length of the sentence actually imposed did not satisfy U.S.S.G. § 4B1.2 (Cr. Doc. #55, p. 1; Cr. Doc. #71, pp. 6-7); and (2) Petitioner asserted that his conviction for carrying a concealed firearm was not a qualifying crime of violence (Cr. Doc. #55, p. 1; Cr. Doc. #71, pp. 6-7). The Court overruled the objections (Cr. Doc. #71, pp. 9-10). No challenge to the predicate convictions was raised on appeal, which in any event was dismissed due to the

waiver provision in the Plea Agreement. Therefore, petitioner's § 2255 motion is procedurally barred unless there is an applicable exception.

The procedurally bar will be excused if petitioner makes a showing of cause for failing to preserve the claim and actual prejudice from the alleged error. See United States v. Frady, 456 U.S. 152 (1982). Petitioner does not assert that he satisfies the cause and prejudice exception.

The merits of a procedurally defaulted claim may also be reached in very narrowly defined circumstances if failure to address the claim would result in a "fundamental miscarriage of justice." Murray v. Carrier, 477 U.S. 478 (1986). Actual innocence of the offense may satisfy the fundamental miscarriage of justice standard. Schlup v. Delo, 513 U.S. 298 (1995). Read liberally, petitioner argues that his procedural default is excused because he is "actually innocent" of being a career offender because under current case law he no longer has a sufficient number of qualifying predicate convictions. Petitioner does not claim he is actually innocent of the crime for which he was sentenced, or is actually innocent of the predicate crimes upon which his career offender status was based.

The Eleventh Circuit has not recognized a claim of actual innocence in the context of challenges to non-capital sentences. McKay v. United States, 657 F.3d 1190, 1196-97 (11th Cir. 2011).

But even assuming that the actual-innocence exception can apply to non-capital sentences, a petitioner must show that he is factually innocent of one of the prior convictions. McKay, 657 F.3d at 1197-98. In McKay, petitioner argued that he was erroneously sentenced as a career offender because one of his predicate convictions was no longer considered a "crime of violence." Id. at 1191, 1198. The Eleventh Circuit held that this was a claim of legal, rather than factual, innocence, and did not fall within the purview of the actual-innocence exception. Id. at 1198-99.

So too in this case. Petitioner only alleges that he is legally innocent of the enhancement because his underlying convictions are no longer considered crimes of violence. He does not allege factual innocence—i.e., that he did not commit the predicate offenses. Without factual innocence of the underlying conviction, mere "legal innocence of a predicate offense justifying an enhanced sentence" is insufficient. McKay, 657 F.3d at 1199. Therefore, the actual-innocence exception does not apply.

Because petitioner's claim is procedurally defaulted, the motion will be dismissed.

### C. Timeliness Under 28 U.S.C. § 2255(f)

The United States asserts that the motion is untimely under 28 U.S.C. § 2255(f)(1) and (f)(3). (Cv. Doc. #9, p. 5.)

A § 2255 motion is ordinarily subject to the one year limitation period set forth in 28 U.S.C. § 2255(f). Long v. United

States, 626 F.3d 1167, 1169 (11th Cir. 2010). Thus, a petitioner's motion must be filed within one year of the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or Laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f); see also Pruitt v. United States, 274 F.3d 1315, 1317 (11th Cir. 2001). Only the first and third time periods may be applicable in this case.

   Petitioner did not file a petition for writ of certiorari, so his Judgment became final 90 days later, on September 17, 2007. See Kaufmann, 282 F.3d at 1339. Petitioner did not file the instant Motion until September 2, 2010, nearly three years later. Therefore, petitioner's Motion is untimely under § 2255(f)(1).

   The government also asserts the motion is untimely under § 2255(f)(3) because, while it was filed within one year of Johnson, Johnson did not create a newly recognized right and has not been made retroactively applicable to cases on collateral review. (Cv.

Doc. #9, p. 5.) Neither the Supreme Court nor the Eleventh Circuit has made <u>Johnson</u> retroactively applicable on collateral review. The undersigned has found that <u>Johnson</u> is not retroactive. <u>See, e.g.</u>, <u>Payne v. United States</u>, 2:10-cv-511-FTM-29DNF, 2011 WL 6111948 (M.D. Fla. Dec. 8, 2011). However, in other cases before the undersigned, the government has conceded that <u>Johnson</u> created a new right which is retroactive. <u>See, e.g.</u>, <u>United States v. Smith</u>, 2:10-cv-676-FTM-29SPC, 2012 WL 2505309 (M.D. Fla. June 28, 2012). The Court will give petitioner the benefit of the doubt, and find that his motion would be timely under § 2255(f)(3).

**D. Cognizability of Claim**

The United States also asserts that petitioner's claim is not cognizable in a § 2255 proceeding. (Cv. Doc. #9, pp. 8-12.) The Eleventh Circuit has found that, after <u>McKay</u>, a claim of actual innocence because an underlying conviction is no longer considered a violent felony or crime of violence is not cognizable on collateral review. <u>Eason v. United States</u>, 465 F. App'x 904 (11th Cir. 2012). Therefore, petitioner's claim is not cognizable in a § 2255 proceeding, and the motion will be dismissed.

**III.**

In the alternative, the Court will address the merits of petitioner's claim. Petitioner argues that in light of <u>Begay</u>, <u>Chambers</u>, <u>Johnson</u>, and <u>Archer</u>, his felony convictions for (1) carrying a concealed firearm, (2) battery on a law enforcement

officer, and (3) resisting an officer with violence are no longer crimes of violence.  The Court concludes that petitioner's claim that he does not have a sufficient number of qualifying convictions to be considered a career offender is without merit, even if Johnson, Chambers, Begay, and their progeny are applied.

The career offender provision of the Sentencing Guidelines, § 4B1.1, provides in pertinent part:

> (a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a)(2006).  It is not disputed that petitioner satisfies the first two requirements because he was 29 years old when he committed the offense, and the offense of conviction was possession with intent to distribute and distribution of a "controlled substance," which is a felony controlled substance offense.  (See PSR ¶¶1, 25; Cr. Doc. ##3, 53, 71, pp. 2, 11.)  As to the third requirement, the government argues that petitioner still has two qualifying predicate felony convictions for crimes of violence (Cv. Doc. #9, pp. 5, 12), as defined in U.S.S.G. § 4B1.2.  The Court concludes that the government is correct.

Sentencing Guidelines § 4B1.2 provides, in pertinent part:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that --

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) . . . otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a)(1)-(2)(2006). Thus,

> Under § 4B1.2 of the guidelines, any state or federal offense that is punishable by more than one year of imprisonment can be a crime of violence if it fits within one of three categories. The first category includes crimes that have "as an element the use, attempted use, or threatened use of physical force against the person of another. . . ." U.S.S.G. § 4B1.2(a)(1). The second category includes the enumerated crimes of "burglary of a dwelling, arson, or extortion" and those involving the "use of explosives." § 4B1.2(a)(2). The third category, sometimes referred to as residual clause crimes, includes those that "otherwise involve[ ] conduct that presents a serious potential risk of physical injury to another." Id.

United States v. Chitwood, 676 F.3d 971, 975 (11th Cir. 2012).

The Court generally employs the categorical approach to determine whether a crime is a crime of violence. United States v. Alexander, 609 F.3d 1250, 1253–54 (11th Cir. 2010). "[W]e consider the offense generically. . .in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion." Begay, 553 U.S. at 141. However, if this analysis is ambiguous, or where "the crime for which the defendant was convicted encompasses both conduct that constitutes a crime of violence and conduct that does not," the Court uses the modified categorical approach. United States v.

11

Beckles, 565 F.3d 832, 843 (11th Cir. 2009); Johnson, 130 S. Ct. at 1273. Under the modified categorical approach, a court may conduct a limited review of materials approved in Shepard v. United States, 544 U.S. 13, 26 (2005), to determine if the offense is a crime of violence. If the conviction is based on a guilty plea, courts may look to the statutory definition, the terms of the charging document, the terms of a written plea agreement or transcript of plea colloquy in which the defendant confirmed the factual basis for the plea, or explicit factual findings by the judge to which the defendant assented. United States v. Morris, No. 11-13064, 2012 WL 3481234 (11th Cir. Aug. 15, 2012). The Court may also consider the facts in the Presentence Report to which there have been no objections. United States v. Bennett, 472 F.3d 825, 832–34 (11th Cir. 2006); Beckles, 565 F.3d at 843.

**A. Carrying a Concealed Weapon**

It is clear that under the current case law, petitioner's conviction for carrying a concealed weapon is not a crime of violence. United States v. Archer, 531 F.3d 1347, 1352 (11th Cir. 2008). Therefore, this conviction cannot be a qualifying predicate offense for the career offender enhancement.

**B. Battery on a Law Enforcement Officer**

Petitioner was convicted in Florida state court of battery on a law enforcement officer. An individual commits the Florida offense of battery when he (1) "[a]ctually and intentionally

touches or strikes another person against the will of the other," or (2) "[i]ntentionally causes bodily harm to another person." Fla. Stat. §784.03(1)(a)(2001). This offense is ordinarily a first-degree misdemeanor. Fla. Stat. §784.03(1)(b)(2001). When a simple battery is committed on a law enforcement officer, however, it becomes the separate offense of battery on a law enforcement officer and is elevated to a third-degree felony. Fla. Stat. §784.07(2)(b)(2002).

United States v. Williams, 609 F.3d 1168, 1169-70 (11th Cir. 2010) stated that "the fact of a conviction for felony battery on a law enforcement officer in Florida, standing alone, no longer satisfies the 'crime of violence' enhancement criteria as defined under the 'physical force' subdivision of section 4B1.2(a)(1) of the sentencing guidelines." Williams explained that, pursuant to Florida's battery statute, a person commits a battery by engaging in any of three types of acts: actually and intentionally touching or striking another, or intentionally causing bodily harm to an individual. Id. at 1170 (citing Fla. Stat. § 784.07(2)). The Court found "no evidence in the record" that they could consider Shepard "to clarify under which" prong of the battery statute Williams had been convicted, so the battery conviction could have been based on nothing more than the mere touching of an officer. Id. Williams set aside the district court's career-offender designation and remanded for a new sentencing, but did not

determine whether battery on a law enforcement officer could qualify as a crime of violence under the residual clause, as held in other circuits. E.g., United States v. Williams, 559 F.3d 1143, 1149 (10th Cir. 2009); United States v. Dancy, 640 F.3d 455, 469-70 (1st Cir. 2011).

The undisputed facts in the Presentence Report establish that this battery on a law enforcement officer was a crime of violence. After contact with law enforcement officers, petitioner attempted to flee and, when initially apprehended by officers, struck one officer in the face with his elbow and punched another officer in the chest, and continued to flee. After petitioner was chased down and pepper sprayed, he punched and kicked an officer before being finally subdued. (PSR, ¶ 38.) This establishes that the battery on a law enforcement officer conviction was a crime of violence. Bennett, 472 F.3d at 834 (holding that "the district court did not err in relying on the undisputed facts in Bennett's PSI to determine that his prior convictions were violent felonies under the ACCA"); Beckles, 565 F.3d at 843 (explaining that "[w]here an ambiguity exists and the underlying conviction may be examined," in addition to Shepard materials, the district court "also may base its factual findings on undisputed statements found in the PSI, because they are factual findings to which the defendant has assented").

### C. Resisting An Officer With Violence

Petitioner's conviction for resisting an officer with violence was based on the same series of facts as set forth for the battery of a law enforcement officer (PSR ¶38) and is a crime of violence in the post-Johnson era under either the categorical or modified categorical approach. United States v. Hayes, 409 F. App'x 277 (11th Cir. 2010), cert. denied, 132 S. Ct. 125 (2011); United States v. Nix, 628 F.3d 1341 (11th Cir. 2010), cert. denied, 132 S. Ct. 258 (2011); United States v. Romo-Villalobos, 674 F.3d 1246 (11th Cir. 2012). Consequently, this conviction is a crime of violence.[2]

Because petitioner has two or more prior convictions which constitute crimes of violence even after Johnson, he was properly sentenced as a career offender. Therefore, his § 2255 motion is also denied on the merits.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #77) is **DISMISSED** as procedurally barred for the

---

[2] Petitioner claims that because the government mis-spoke during the sentencing hearing, stating that petitioner was convicted of "battery on a law enforcement officer and resisting an officer **without** violence" (Cr. Doc. #71, p. 9) (emphasis added), he should be given the benefit of that mistake. (Cv. Doc. #10, p. 2.) However, the government's misstatement does not change the facts within the PSR. Petitioner did have a number of convictions for resisting without violence, but also the resisting with violence.

reasons set forth above or, in the alternative, is **DENIED AS WITHOUT MERIT** for the reasons set forth above.

2. The Clerk of the Court shall enter judgment accordingly, terminate any pending motions, and close the civil file. The Clerk is further directed to place a copy of the civil judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 129 S. Ct. 1481, 1485 (2009). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) or, that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citation omitted). Petitioner has not made the requisite showing in these circumstances.

Further, because Petitioner is not entitled to a certificate of appealability, he is not entitled to proceed *in forma pauperis* on appeal.

**DONE AND ORDERED** at Fort Myers, Florida, this ___27th___ day of September, 2012.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
AUSA Barclift
Emory Johnson